**In re SMITH.**

Court of Claims of Ohio,
Victims of Crime Division.

No. V95–30361.

Decided Jan. 17, 1997.

*William L. Thomas,* for the applicant.

*Betty D. Montgomery,* Attorney General, for the state.

OPINION AND ORDER OF THREE-COMMISSIONER PANEL.

This appeal came to be heard before this panel of three commissioners on November 21, 1996 upon applicant Roberta M. Smith's July 10, 1996 objection to the June 19, 1996 decision of the single commissioner.

The single commissioner denied the applicant's claim pursuant to R.C. 2743.60(A) based on a finding that she never reported the criminally injurious conduct to law enforcement officials.

The Attorney General, the applicant, and counsel for the applicant attended the hearing and presented testimony and oral argument for this panel's consideration.

From review of the file, with full consideration given to the testimony and oral argument presented at the hearing, this panel finds that although the criminally injurious conduct was reported, the applicant has failed to prove, by a preponderance of the evidence, that good cause existed for her failure to report the criminally injurious conduct to law enforcement authorities within seventy-two hours of its occurrence.

R.C. 2743.60(A) states in pertinent part:

"An award of reparations shall not be made to a claimant if the criminally injurious conduct upon which he bases his claim was not reported to a law enforcement officer or agency within seventy-two hours after the occurrence of the conduct, unless it is determined that good cause existed for the failure to report the conduct within the seventy-two hour period."

The evidence substantiates that on April 10, 1993, the applicant was assaulted by Bernard Craddock; however, this assault was not reported until November 22, 1994. On that date, the applicant reported the April 10, 1993 assault, as well as a November 21, 1994 assault, to a Belmont County Assistant Prosecutor. This panel acknowledges that informing the assistant prosecutor of the April 10, 1993 assault constitutes a reporting under R.C. 2743.60(A); nevertheless, the report fails to meet the seventy-two-hour requirement of that statutory section. However, the applicant contends that she had good cause for the failure to report the criminally injurious conduct within seventy-two hours.

The applicant testified that she had been living with the offender for ten months prior to the April 10, 1993 assault and there was a history of domestic violence. The applicant stated that the offender went "berserk" over trivial matters and assaulted her on prior occasions, warned her not to report the assaults, and stayed home from work to watch her if he thought that she might report the assaults. The applicant testified that on April 10, 1993, the offender again assaulted her and then stayed home for four days to watch her, stating, "You're not going to the police, don't even try it." The applicant testified that

the offender moved from their home approximately one year later, but then began harassing her and, subsequently, on November 21, 1994, came to her home and assaulted her. The next day, November 22, 1994, the applicant reported the November 21, 1994 assault, as well as the April 10, 1993 assault, to the Belmont County Prosecutor's Office. The applicant then, with the assistance of law enforcement authorities, lured the offender to her home, where he was arrested. The offender was subsequently convicted of aggravated menacing stemming from the November 21, 1994 incident. The applicant stated that she did not report the April 10, 1993 assault earlier, as she knew "what he was capable of" and feared retaliation; she stated that she still lives in fear.

This panel acknowledges that the applicant would have been unable to report the April 10, 1993 assault within seventy-two hours of its occurrence if the offender stayed home and watched her for four days after the assault; however, the applicant could have reported the criminally injurious conduct after that time. Nevertheless, the applicant waited a year and a half, until November 22, 1994, to report the criminally injurious conduct, even though the offender had voluntarily moved from their home six months prior.

This court has previously held that an applicant's fear of retaliation by the offender does not constitute good cause for a delay in reporting the criminally injurious conduct. *In re Hamilton* (Nov. 7, 1980), Ct. of Cl. No. V79–3622jud, unreported, and *In re Timlin* (Apr. 28, 1980), Ct. of Cl. No. V78–3557jud, unreported. However, the court in *In re Smith* (Aug. 10, 1978), Ct. of Cl. No. V77–07411tc, unreported, held that the "reasonable, prudent man" standard should be followed in determining whether good cause exists, and that determinations of reasonableness should be based on the facts of each case. Therefore, despite the holdings in *Hamilton* and *Timlin,* this court has found fear of retaliation to constitute good cause in limited circumstances.

In *In re Cox* (Apr. 28, 1995), Ct. of Cl. No. V93–59442tc, unreported, good cause was found for a delay of two and one-half weeks in reporting the criminally injurious conduct because the applicant was physically incapacitated and had been confronted by friends of the offender. Good cause was also found in *In re Dale* (1993), 66 Ohio Misc.2d 131, 643 N.E.2d 614, when the applicant did not report the August 27, 1991 criminally injurious conduct until September 24, 1991. The incident occurred outside the applicant's home and he was confronted by friends of the offender. The applicant feared for the safety of his young family, so he reported the criminally injurious conduct after he relocated his family. In *In re Madison* (June 30, 1994), Ct. of Cl. No. V92–81665tc, unreported, the applicant was assaulted by her live-in boyfriend, who was known to be violent. The applicant was afraid to report the criminally injurious conduct for fear of

retaliation; however, she subsequently reported the September 13, 1992 assault on September 20, 1992, and good cause was found for the delay.

While the applicants in *Cox, Dale,* and *Madison* feared retaliation by their offenders, they reported the acts of criminally injurious conduct within one month, despite their fears. The holdings in *Cox, Dale,* and *Madison* can be distinguished from the present claim, in which the applicant did not report the criminally injurious conduct for a year and a half, even though the offender had left her residence six months prior to the report.

Hence, as this panel finds that the applicant has failed to prove, by a preponderance of the evidence, that good cause existed for her failure to report the criminally injurious conduct to law enforcement authorities within seventy-two hours of its occurrence, the applicant's claim is denied pursuant to R.C. 2743.60(A). Therefore, the June 19, 1996 order of the single commissioner is affirmed.

*Judgment accordingly.*

CLARK B. WEAVER, Sr., STEVEN A. LARSON and PHILLIP E. PARISI, Commissioners, concur.